John Morrison,

    Plaintiff,

v.

Life Insurance Company of
North America, The
Administrative Committee of
Time Warner Cable Inc., and
New York Life Group Benefit
Solutions

    Defendants.

COMPLAINT

    The plaintiff John Morrison, complaining of the defendants, alleges as follows:

## PARTIES

1. The plaintiff is a citizen and resident of Greensboro, Guilford County, North Carolina.

2. Defendant Life Insurance Company of North America (hereinafter "LICNA") is a corporation duly authorized, licensed, or admitted to do business in the State of North Carolina and does engage in the insurance business in the State of North Carolina. It operates under the trade names CIGNA and CIGNA Group Insurance and corresponded with plaintiff under those names.

3. LICNA is identified as the administrator on the group insurance policy under which the plaintiff is a beneficiary, and is listed as the underwriting company on correspondence between it and plaintiff.

4. Plaintiff is informed and believes, and on that basis alleges, that defendant The Administrative Committee of Time Warner Cable Inc., was, at all times herein relevant, a corporation with a group employee welfare benefit plan that can be found and is administered in the State of North Carolina.

5. Plaintiff's Long-Term Disability Benefits Highlights also identifies The Administrative Committee of Time Warner Cable Inc. as the plan administrator, and plaintiff has named The Administrative Committee of Time Warner Cable Inc., as a

defendant in this action to the extent that said defendant was responsible for administering the plaintiff's plan.

6. The Administrative Committee of Time Warner Cable Inc., identifies its agent for service of legal process as Senior Vice President and Chief Counsel (Litigation), Time Warner Cable Inc., 60 Columbus Circle, New York, New York 10023.

7. Upon information and belief New York Life Insurance Company acquired CIGNA Group Insurance, and after that acquisition has operated and continues to operate as New York Life Group Benefit Solutions.

8. Defendant New York Life Group Benefit Solutions is a corporation duly authorized, licensed, or admitted to do business in the State of North Carolina and does engage in the insurance business in the State of North Carolina.

9. Defendant New York Life Benefit Solutions was organized in the Commonwealth of Pennsylvania, with a primary business address of 51 Madison Avenue, New York, New York 10010.

10. Plaintiff's former employer, Time Warner Cable Enterprises, LLC, now Charter Communications, Inc., provided a long-term disability income benefit to him and other employees pursuant to the terms of a group insurance policy, Policy No.: LK-980203 ("the Policy") issued by LICNA. LICNA and/or The Administrative Committee of Time Warner Cable Inc. and/or New York Life Group Benefit Solutions (hereinafter "defendants") is the claims administrator under the Policy and is obligated to determine whether plan participants are eligible for disability income benefits. The Policy provides plaintiff a benefit of equal to 60% of "monthly Covered Earnings." Benefits are available to age 65.

11. This is a claim for disability benefits made pursuant to 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.

12. This Court has subject matter jurisdiction over the claims asserted in this complaint and has personal jurisdiction over the defendants named.

13. This action is brought in a county of proper venue.

FACTS

14. On December 18, 2015 plaintiff suffered a large

2

temporoparietal non-traumatic hemorrhage with intraventricular extension. He then developed acute renal insufficiency and suffered brain injury from the stroke, including visual disturbance, speech difficulty, expressive and receptive aphasia, short-term memory difficulties, reduction in capacity to read, write, and perform calculation, difficulty tolerating stress, speech hesitation, delayed recall, and vertigo among other problems.

15. Plaintiff has remained out of work since his stroke.

16. Plaintiff became eligible for and began receiving long-term disability benefits under the Policy on June 16, 2016.

17. Under the Policy, plaintiff would be entitled to those benefits for 24 months as long plaintiff remained limited from performing the material and substantial duties of his regular occupation due to his sickness and had a 20% or more loss in his monthly earnings. Plaintiff received benefits for these 24 months.

18. After the first 24 months of long-term disability benefits, plaintiff was to continue to receive long-term disability benefits if because of his injury or sickness he was unable to perform the material duties of any occupation for which he is or may reasonably become qualified based on education, training, or experience, and unable to earn 80% of more of his indexed earnings.

19. Prior to the expiration of the first 24-month period of long-term disability benefits, defendants initiated a review of plaintiff's disability status.

20. By letter dated May 11, 2018, defendants denied plaintiff was entitled to continue his long-term disability after June 16, 2018.

21. Plaintiff timely instituted an appeal of that denial, including in his appeal his Social Security file showing he had been approved for Social Security Disability and additional documentation from his treating physicians noting his limitations supporting his inability to work in any occupation.

22. Also in his notice of appeal, sent to defendants on October 26, 2018, plaintiff informed defendants that, in addition to Social Security Disability benefits, he had begun to receive his retirement benefits from his employer early due to his disability pursuant to the Time Warner Cable Pension Plan.

3

23. Plaintiff's appeal was successful and defendants paid plaintiff his back-owed disability amount and began paying plaintiff monthly benefits again, offsetting for plaintiff's Social Security Disability benefits, but not for the plaintiff's early retirement benefits even though defendants had been informed on October 26, 2018, that plaintiff had begun receiving both Social Security Disability benefits and disability retirement benefits under the Time Warner Cable pension plan.

24. On Tuesday, April 9, 2019, Shannon Cartmell, LTD Claim Manager with CIGNA left a voicemail message for counsel for plaintiff, in which message she stated she was performing a periodic inquiry of plaintiff's file and Other Income Sources. Counsel for plaintiff responded to Ms. Cartmell's voicemail by email dated April 9, 2019, reminding Ms. Cartmell that beginning July 13, 2018, plaintiff began receiving $1,056.03 per month as early disability retirement benefits through his retirement plan with Time Warner Cable.

25. Defendants again ignored that information and did not make any attempt to offset plaintiff's benefits due to his receipt of early retirement benefits due to his disability through the Time Warner Cable pension plan.

26. It was not until March 19, 2020, a total of 510 days since the defendants knew that the plaintiff had been receiving retirement benefits, that CIGNA finally sent a letter to plaintiff demanding repayment of $21,296.61 in "overpayment" of benefits because of CIGNA's payment of benefits without offsetting for plaintiff's receipt of early retirement benefits.

27. Due to defendant's actions in not attempting to claim any offset from plaintiff's receipt of his early retirement benefits due to his disability, the plaintiff believed that the benefits were not something that could be offset and made financial decisions and plans based on the amount he was receiving in disability payments from defendants.

28. As CIGNA had been informed of the plaintiff's receipt of these benefits and did not seek offset, plaintiff detrimentally relied upon CIGNA's initial decision not to offset his long-term disability benefits from his retirement plan in making a budget, paying bills, and making other financial decisions.

29. Plaintiff timely appealed defendants' decision to offset his disability benefits to recover both past amounts defendants claimed it overpaid and ongoing offsets for each

4

monthly payment due to his receipt of early retirement benefits, which appeal defendants denied.

30. Defendants reduced plaintiff's monthly benefit from $2,054.00 to $297.97, drastically interfering with plaintiff's ability to financially support himself and his family.

31. Plaintiff is struggling to pay his monthly living expenses and, due to his disabling condition, plaintiff is unable to work to earn money to make up for the current amount that is currently being taken out of his long-term disability benefits by defendants.

32. When defendants terminated plaintiff's long-term disability benefits on May 11, 2018, they stopped paying plaintiff the benefits owed and did not resume payments until the appeal was granted, which was approximately one-year later in May of 2019. At that time, defendants paid plaintiff the back owed long-term disability benefits in one lump sum without offsetting for plaintiff's receipt of early retirement benefits even though defendants had knowledge that plaintiff was receiving early retirement benefits. Defendants' decision to pay plaintiff his back-owed disability in a lump sum, and then over a year later to wrongfully withhold plaintiff's full benefits to recoup that alleged overpayment, caused the plaintiff to incur a high tax bill based on the income of the full payment, but not the benefit of those funds as defendants are now taking those funds back. That in effect penalized the plaintiff in causing him to incur and pay a tax bill for funds he has not been permitted to retain by defendants.

33. Plaintiff's early retirement benefits are not Other Income Benefits which allow for offset under the Policy.

34. Even if the plaintiff's receipt of early retirement benefits due to his disability are determined to be Other income Benefits, the defendants have waived any right to offset for those retirement benefits, as defendants knew of their alleged rights under the Policy but did not act on those alleged rights, but instead continued to pay plaintiff his full benefit amount, with the only offset being for Social Security Disability.

35. Plaintiff has performed all the conditions of the Policy and timely and completely pursued all appeals necessary.

36. Plaintiff has exhausted all administrative remedies under the Policy.

37. The Policy in question under which the plaintiff seeks benefits is a group total insurance disability policy issued under an employee benefit plan pursuant to ERISA, 29 U.S.C. § 1002(3), a provision of the Employee Retirement Security Act (ERISA). The employee benefit plan in question is covered by ERISA, defendants are the plan administrator and plaintiff is a participant or beneficiary under the ERISA plan.

### FIRST CLAIM FOR RELIEF - CLAIM FOR BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

38. The plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and all of the allegations contained in paragraphs 1-37 of this complaint with like effect as if herein fully set forth.

39. At all material times, plaintiff was a "beneficiary" as defined by 29 U.S.C. § 1002(8) and defendants administrated employee benefit plan.

40. Defendants improperly reduced plaintiff's disability benefits to recover what it called a $21,296.61 "overpayment".

41. By wrongfully offsetting the plaintiff's monthly benefits since March 19, 2020, plaintiff both by withholding benefits to recover what defendants called a "overpayment" and to offset each monthly benefit for plaintiff's monthly receipt of early retirement benefits, has been damaged and he is entitled to payment of his full benefit amounts.

### SECOND CLAIM FOR RELIEF - CLAIM FOR BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(3)

42. The plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and all of the allegations contained in paragraphs 1-41 of this complaint with like effect as if herein fully set forth.

43. Defendants should be enjoined from offsetting plaintiff's benefits in the future for his retirement benefits under his Time Warner Cable Pension Plan.

### THIRD CLAIM FOR RELIEF - CLAIM FOR BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(2)

44. The plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and all of the allegations contained in paragraphs 1-43 of this complaint with like effect

6

as if herein fully set forth.

46. Defendants are fiduciaries with respect to the plan in question.

46. In his appeal dated October 28, 2020, plaintiff provided documentation of and case citations for defendants to confirm that even if defendants would normally be entitled to offset for the plaintiff's early retirement benefits, which plaintiff denies, that defendants have waived any such offset right, and would be acting wrongly and improperly to continue to reduce plaintiff's monthly benefit amount.

47. Defendants did not act solely in the interest of the plan's participants and beneficiaries, did not act with care, skill, prudence or diligence, and acted solely for the defendants' own benefit.

48. Defendants were informed on more than one occasion that the plaintiff was receiving retirement benefits early due to his disability, and did not act prudently or with diligence in response to receipt of that information.

49. The plaintiff made financial decisions based on the actions of the defendants in failing to offset the plaintiff's pension benefits, and now the plaintiff is struggling financially to meet his daily expenses.

RELIEF SOUGHT

50. The plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and all of the allegations contained in paragraphs 1-49 of this complaint with like effect as if herein fully set forth.

51. The relief to which plaintiff is entitled includes: (1) reimbursement of the wrongfully offset disability benefits from June 16, 2018, to the date of judgment, plus pre-judgment interest; (2) a determination that plaintiff is entitled to continue to receive monthly disability income benefits without offset for his pension benefits for as long as he remains eligible under the terms of the Policy; (3) an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g); and (4) that defendants be enjoined from attempting to offset plaintiff's benefits in the future because of his receipt of Time Warner Cable Pension Plan benefits.

7

WHEREFORE, having complained of the defendants, the plaintiff prays for the following relief:

1. That he have and recover of the defendants compensatory damages in an amount in excess of $25,000.00.

2. That the Court award pre-judgment interest from the date of the institution of this action.

3. That the Court award post-judgment interest on any award of damages by the jury.

4. That the Court award attorney fees pursuant to 29 U.S.C. §1132(g)(1).

5. That the defendants be enjoined from offsetting his disability benefits in the future.

6. That the costs of this action be taxed against the defendants.

7. That the Court grant unto the plaintiff such other and further relief as the Court may seem just and proper.

This the 1st day of July, 2021.

_____
Karen Strom Talley

_____
Nicole R. Scallon

Attorneys for Plaintiff

OF COUNSEL:

Henson & Talley, L.L.P.
Post Office Box 3525
Greensboro, North Carolina 27402
Telephone: (336) 275-0587
Facsimile: (336) 273-2585
Email: ktalley@hensonlawyers.com
　　　　nscallon@hensonlawyers.com

DEMAND FOR JURY TRIAL

The plaintiff hereby demands a trial by jury on all issues raised by the pleadings in this case.

_____
Attorney for Plaintiff

15592pf06.22.2021.wpd

9